IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DONALD JEREMY TAUL,  Plaintiff, | : : : | Case No. 5:12-cv-332 (MTT) |
| v. | : : | |
| ANNIE FAIR, *et al.*,  Defendants. | : : : : | Proceedings Under 42 U.S.C. § 1983  Before the U.S. Magistrate Judge |

## RECOMMENDATION TO DISMISS

Plaintiff Donald Jeremy Taul filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Because Plaintiff has failed to prosecute this case by keeping the Clerk of Court and all opposing parties advised of his current mailing address at all times, it is **RECOMMENDED** that the above-styled case be **DISMISSED**.

On December 19, 2012, the Court issued an order providing instructions to the parties in the above-styled case. Doc. 12. In that order, the Court specifically advised Plaintiff that "he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." Id. at 5. The order also directed the parties to keep the Clerk of Court and all opposing parties advised of their current mailing address at all times, warning that the "failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings." Id.

The record establishes that Plaintiff has not kept the Clerk of Court and all opposing parties advised of his current mailing address. On June 20, 2013, the Court issued an order advising Plaintiff that Defendants Annie Fair, Oscar Jerkins, and Patricia Johnson had filed a motion to dismiss and directing Plaintiff to file a response to the motion on or before July 11, 2013. Doc. 28. On June 27, 2013, a copy of the order entered on June 20, 2013 (Doc. 28) that

had been mailed to Plaintiff's last mailing address was returned to the Court as undeliverable in an envelope marked "not in jail" and "return to sender." Doc. 29. On July 1, 2013, Defendants notified the Court that a copy of the motion to dismiss filed on June 19, 2013 (Doc. 27) that had been mailed to Plaintiff's last mailing address was returned to Defendants as undeliverable in an envelope marked "not in jail" and "return to sender." Doc. 30. On July 2, 2013, the Court issued an order to show cause, directing Plaintiff to show cause as to why his case should not be dismissed for failure to diligently prosecute his claims. Doc. 31. On July 8, 2013, a copy of the order to show cause entered on July 2, 2013 (Doc. 31) that had been mailed to Plaintiff's last mailing address was returned to the Court as undeliverable in an envelope marked "not in jail" and "return to sender." Doc. 32.

Because Plaintiff has failed to keep the Clerk of Court and all opposing parties advised of his current mailing address at all times, the Court must conclude that Plaintiff has abandoned his claims. Accordingly, **IT IS RECOMMENDED** that the above-styled case be **DISMISSED** based on Plaintiff's failure to diligently prosecute this case. Consistent with this recommendation, **IT IS FURTHER RECOMMENDED** that Defendants' motion to dismiss (Doc. 27) be **DENIED AS MOOT**. Although it may prove to be an exercise in futility, the Clerk of Court is hereby **DIRECTED** to serve Plaintiff at the **last mailing address** provided by him.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation to Dismiss with the District Judge to whom this case is assigned, **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of July, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge